UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| GREGORY L. SIMMONS, | ) | No. EDCV 08-237 FFM |
| Plaintiff, | ) | MEMORANDUM DECISION AND ORDER |
| v. | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

Plaintiff brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration denying his application for a period of disability and disability insurance benefits. On March 21, 2008 and April 8, 2008, plaintiff and defendant, respectively, consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Pursuant to the case management order entered on March 3, 2008 and the Court's August 6, 2008 order granting an extension of time, on December 3, 2008, the parties filed a Joint Stipulation detailing each party's arguments and authorities. The Court has reviewed the administrative record (the "AR"), filed by defendant on September 29, 2008, and the Joint Stipulation (the "JS"). For the reasons stated below, the decision of the Commissioner is reversed and remanded for further proceedings.

/ / /

/ / /

PROCEDURAL HISTORY

On April 29, 2005, plaintiff applied for a period of disability and disability insurance benefits.  (AR 59-63.)  Plaintiff's claims were denied initially and upon reconsideration.  (AR 44-48, 52-56.)  Plaintiff filed a request for a hearing before an administrative law judge (the "ALJ").  (AR 43.)  The record indicates that plaintiff filed an application for Supplemental Security Income benefits on February 10, 2006; the claim was escalated to the hearing level.  (*See* AR 12.)  ALJ Lowell Fortune held a hearing on February 28, 2007.  (AR 194-226.)

On March 13, 2007, the ALJ issued a decision awarding benefits for the closed period of November 11, 2004 through May 23, 2006.[1]  (AR 12-20.)  The ALJ found that plaintiff's disability ended on May 24, 2006.  (AR 20.)  On May 16, 2007, plaintiff sought review of the decision before the Social Security Administration Appeals Council.  (AR 6-7.)  The Council denied plaintiff's request for review on January 24, 2008.  (AR 3-5.)

Plaintiff filed his complaint herein on February 28, 2008.


CONTENTIONS

Plaintiff raises two issues in this action:

1.      Whether the ALJ properly considered plaintiff's subjective complaints; and

2.      Whether the ALJ properly considered the treating physician's opinion.

---

[1] Plaintiff does not take issue with the ALJ's finding that plaintiff was disabled for the closed period of November 11, 2004 through May 23, 2006.

STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984). However, even if substantial evidence exists in the record to support the Commissioner's decision, the decision must be reversed if the proper legal standard was not applied. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1014-15 (9th Cir. 2003).


DISCUSSION

A.     Plaintiff's subjective complaints.

Plaintiff testified at the hearing that he had not looked for work because of the swelling and pain in his ankles, which prevented him from moving around. (AR 210.) Plaintiff also testified that he could sit for approximately an hour at a time, but still suffered from constant pain and swelling that required him to elevate his ankle or get up and move around. (AR 210-11.) Plaintiff further testified that, although he could stand for about 10 minutes, after doing so he would have to rest for about 20 minutes and elevate his ankles before standing up again. (AR 211.)

/ / /

1    Plaintiff contends that the ALJ did not consider any of this testimony and did not

2    provide legally sufficient reasons for implicitly rejecting it.  (JS 3-4.)  The Court

3    agrees.  As plaintiff asserts (*id.*), once a claimant produces medical evidence of an

4    underlying impairment that is reasonably likely to cause allegedly disabling symptoms,

5    medical findings are not required to support the symptoms' alleged severity.  *Bunnell*

6    *v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991); *see also Light v. Social Sec. Admin.*,

7    119 F.3d 789, 792 (9th Cir. 1997) ("[B]ecause a claimant need not present clinical or

8    diagnostic evidence to support the severity of his pain . . . , a finding that the claimant

9    lacks credibility cannot be premised wholly on a lack of medical support for the

10   severity of his pain") (internal citation omitted); *Byrnes v. Shalala*, 60 F.3d 639,

11   641-42 (9th Cir. 1995) (applying *Bunnell* to subjective physical complaints).

12   However, an ALJ may reject a claimant's allegations upon:  (1) finding evidence of

13   malingering; or (2) providing clear and convincing reasons for so doing.  *Benton v.*

14   *Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003).

15   The following factors may be considered in weighing the claimant's credibility

16   in the absence of evidence of malingering:  (1) his reputation for truthfulness; (2)

17   inconsistencies either in the claimant's testimony or between the claimant's testimony

18   and his conduct; (3) his daily activities; (4) his work record; and (5) testimony from

19   physicians and third parties concerning the nature, severity, and effect of the symptoms

20   of which he complains.  *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002);

21   *see also* 20 C.F.R. §§ 404.1529(c), 416.929(c); Social Security Ruling 96-7p, 1996

22   WL 374186 (S.S.A.).  The ALJ may also use "ordinary techniques of credibility

23   evaluation."  *Thomas*, 278 F.3d at 960.  "General findings are insufficient."  *Reddick v.*

24   *Chater*, 157 F.3d 715, 722 (1998).  The ALJ must state which testimony is not credible

25   and identify the evidence that undermines the plaintiff's complaints.  *Id.*; *Benton*, 331

26   F.3d at 1041.  The ALJ's credibility determination is entitled to deference if his

27   reasoning is supported by substantial evidence in the record and is "sufficiently

28   specific to allow a reviewing court to conclude the adjudicator rejected the claimant's

1  testimony on permissible grounds and did not arbitrarily discredit a claimant's

2  testimony . . . ." *Bunnell*, 947 F.2d at 345 (internal quotation marks omitted).

3       Here, plaintiff produced evidence, and the ALJ found, that plaintiff had the

4  severe, medically-determinable impairment of status post-fracture of both ankles with

5  right ankle osteomyelitis. (*See* AR 15-16.) The ALJ found, however, that plaintiff was

6  not entirely credible regarding his subjective symptoms as they existed on May 24,

7  2006 and afterwards. The ALJ noted that plaintiff testified that he must elevate his

8  right ankle all day to keep it from swelling. The ALJ discounted this testimony on the

9  ground that plaintiff's treating records did not reflect any complaint of swollen ankles

10  and did not prescribe elevating the leg. The ALJ further noted that the residual

11  functioning capacity form prepared by plaintiff's treating physician (discussed *infra*)

12  did not mention swollen ankles or elevating the leg. (AR 18; *see* AR 127, 128-89.)

13       The ALJ further noted that plaintiff testified that he was discharged from care in

14  May of 2006 and that the medical record ended on May 24, 2006. As the ALJ noted,

15  plaintiff's treating record from that date indicated that plaintiff was doing well, was

16  sore at times, and had only occasional increased pain. There was no pain with

17  palpitation. In addition, treating notes from March 01, 2006[2] indicated that plaintiff

18  had no erythema and was doing well. (AR 18; AR 127, 128.)

19       In sum, the ALJ found that plaintiff's complaints of swelling and the need to

20  elevate his leg were unbelievable because they were not supported by objective

21  evidence in the medical record. This was an insufficient reason to discount plaintiff's

22  testimony. Although weak objective evidence may undermine claims of disabling

23  subjective symptoms (*see Tidwell v. Apfel*, 161 F.3d 599, 601-02 (9th Cir. 1998)), an

24  ALJ may not premise the rejection of the claimant's testimony regarding subjective

25  symptoms *solely* on the lack of medical support (*Light*, 119 F.3d at 792; *Lester v.*

26

27          [2] The ALJ erroneously referred to this record as dating from March 10, 2006.

28  (AR 18; *see* AR 128.)

*Chater*, 81 F.3d 821, 834 (9th Cir. 1995), *limited on other grounds*, *Saelee v. Chater*, 94 F.3d 520, 523 (9th Cir. 1996)).  In addition, the ALJ did not discuss plaintiff's complaint of constant pain.  (*See* AR 18-19.)

Defendant argues that the ALJ was not required to believe plaintiff's allegations and that the ALJ was entitled to determine questions of credibility and resolve conflicts in the testimony.  Defendant further contends that the ALJ provided a reasonable, record-supported interpretation of plaintiff's credibility and the Court must thus uphold it.  (JS 5-8 (citing, *inter alia*, *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001)).)  These arguments are unavailing.  Even if the ALJ's rationale for discounting a plaintiff's testimony finds factual support in the record, the rationale itself must still be legally sufficient.  Moreover, "[a] reviewing court should not be forced to speculate as to the grounds for an adjudicator's rejection of a claimant's allegations of disabling pain."  *Bunnell*, 947 F.2d at 346.  The Court can only guess as to why the ALJ implicitly rejected plaintiff's complaint of constant pain; thus, remand is warranted.

The Court therefore remands this action for the ALJ to give further consideration to the subjective complaints identified above.  If the ALJ decides to reject them, he must state which testimony is not credible and identify the clear and convincing evidence[3] that undermines plaintiff's complaints, without relying solely on a lack of objective medical evidence.  *Reddick*, 157 F.3d at 722.

---

[3] The ALJ did not cite malingering as a ground for rejecting plaintiff's testimony, and defendant does not argue that there is evidence of malingering in the record.  (*See* JS 4-8.)  Thus, the ALJ must provide clear and convincing evidence for rejecting plaintiff's subjective complaints.  *See Benton*, 331 F.3d at 1040.

6

1    B.    The treating physician's opinion.

2         In his decision, the ALJ discounted the opinion of plaintiff's treating physician,

3    Brian Yost, M.D.,[4] as follows:

4              I do not give great weight to the Medical Opinion Re:

5              Ability to Do Work-Related Activities (Physical) at Exhibit

6              8F.  The form states that [plaintiff] could stand less than 2

7              hours out of an 8-hour period and sit less than 2 hours, but

8              [plaintiff] testified that out of an 8-hour period, he can stand

9              3 hours and sit for 5 hours.  The form indicates, "using cane

10             for ambulation," but the doctor's chart notes reveal he felt

11             [plaintiff's] condition was good enough on March 1, 2006 to

12             tell [plaintiff] to discontinue use of the cane as tolerated

13             (Exhibit 7F, p.3).  The form says that [plaintiff can only sit

14             for 10 minutes before changing position (Exhibit 8F, p.3);

15             yet, [plaintiff] testified that he can sit for 60 minutes at a

16             time.  The doctor who completed the form stated that

17             [claimant] has to lie down twice in an 8-hour work shift, but

18             [plaintiff] did not testify that he has to lie down at all.

19   (AR 18-19.)

20        Plaintiff contends that the ALJ failed to give proper consideration to Dr. Yost's

21   other findings.  The Court agrees.  In evaluating physicians' opinions, the case law and

22   regulations distinguish among three types of physicians:  (1) those who treat the

23   claimant (treating physicians); (2) those who examine but do not treat the claimant

24   (examining physicians); and (3) those who neither treat nor examine the claimant (non-

25   examining physicians).  *Lester*, 81 F.3d at 830; *see also* 20 C.F.R. §§ 404.1502,

26   ─────────────────

27        [4] The parties assert that the doctor's signature on the form is illegible.  (JS 9,

28   11.)  However, at the hearing, plaintiff testified that Dr. Yost signed the form, and that
     he sat with Dr. Yost and discussed the questions on the form.  (AR 201-02.)

1   416.902, 404.1527(d), 416.927(d).  As a general rule, more weight should be given to

2   the opinion of a treating source than to the opinion of doctors who do not treat the

3   claimant.  *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987); *see also* 20 C.F.R. §§

4   404.1527(d)(2), 416.927(d)(2).

5         An ALJ may reject a treating physician's uncontradicted opinion on a medical

6   impairment or the ultimate issue of disability only with "clear and convincing" reasons

7   supported by substantial evidence in the record.  *Reddick v. Chater*, 157 F.3d 715, 725

8   (9th Cir. 1998) (quoting *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993))

9   (internal quotation marks omitted).  If the treating physician's opinion is controverted,

10  the ALJ must still provide "specific and legitimate" reasons supported by substantial

11  evidence in the record in order to reject the treating physician's opinion.  *Lester*, 81

12  F.3d at 830; *Holohan v. Massanari*, 246 F.3d 1195, 1202-03 (9th Cir. 2001).  "The

13  ALJ can meet this burden by setting out a detailed and thorough summary of the facts

14  and conflicting clinical evidence, stating his interpretation thereof, and making

15  findings."  *Magallenes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal quotation

16  marks omitted).

17        Here, in addition to the findings the ALJ rejected, Dr. Yost opined, in pertinent

18  part, that plaintiff had to shift at will from standing and walking and could never twist,

19  stoop, or crouch.  Dr. Yost further opined that plaintiff had to avoid concentrated

20  exposure to wetness, humidity, and extreme heat.  In addition, plaintiff's impairment

21  would affect his ability to push and pull.  Finally, Dr. Yost opined that plaintiff would

22  miss work more than three times a month.  (AR 191-93.)  The state agency physician

23  contradicted Dr. Yost's finding that plaintiff's impairment affected his ability to push

24  and pull.  (AR 117.)  Samuel Landau, M.D., the medical expert who testified at the

25  hearing, contradicted the other findings at issue, in that he did not find that they

26  applied to plaintiff.  (*See* AR 204-05.)  Thus, the ALJ was required to provide specific,

27  legitimate reasons, supported by substantial record evidence, for implicitly rejecting

28  / / /

1    them.[5]  *Lester*, 81 F.3d at 830; *see also Smolen v. Chater*, 80 F.3d 1273, 1286 (9th Cir.

2    1996) (ALJ implicitly rejects doctor's opinion where he ignores it and makes contrary

3    findings).

4         Defendant contends that the limitations at issue were inconsistent with plaintiff's

5    testimony and, as noted, were contradicted by Dr. Landau's opinion.  Defendant

6    further contends that substantial evidence supports the ALJ's determination of

7    plaintiff's residual functioning capacity.  (JS 11-12.)  However, the Court may not

8    affirm the Commissioner's decision on grounds upon which the ALJ did not rely in

9    reaching his decision.  *Tommasetti v.* Astrue, 533 F.3d 1035, 1039 n.2 (9th Cir. 2008);

10    *see also Pinto v. Massanari*, 249 F.3d 840. 847 (9th Cir. 2001).  As the ALJ did not

11    cite plaintiff's testimony or Dr. Landau's opinion as factors in his rejection of the

12    findings at issue, the Court may not affirm the decision on those grounds.  In addition,

13    an ALJ may not ignore competent evidence in the record in order to justify his

14    conclusion.  *See Gallant*, 753 F.2d at 1456; *see also Vincent v. Heckler*, 739 F.2d

15    1393, 1394-95 (9th Cir. 1984) (ALJ must explain why "significant probative evidence

16

17

18

_____

19       [5]  Plaintiff also contends that the ALJ failed to discuss Dr. Yost's findings that

20    plaintiff's maximum ability to lift and carry on an occasional basis was 10 pounds, and

21    his ability to lift and carry on a frequent basis was 10 pounds; plaintiff had to avoid concentrated exposure to extreme cold; plaintiff could not climb ladders; and plaintiff

22    could only occasionally climb stairs.  (JS 9-10 (citing AR 191-93).)  However, in the

23    residual functioning capacity the ALJ assigned to plaintiff, the ALJ adopted identical limitations with respect to plaintiff's ability to lift and carry, climb ladders, and suffer

24    exposure to extreme cold.  In addition, the ALJ found that plaintiff could climb stairs

25    only less than occasionally.  (AR 17.)  Thus, to the extent the ALJ erred in failing to discuss Dr. Yost's findings with respect to those limitations, the error does not require

26    remand.  *See Stout v. Commissioner, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir.

27    2006) (holding ALJ's error harmless where it was "inconsequential to the ultimate nondisability determination"); *see also Carmickle v. Commissioner, Soc. Sec. Admin.*,

28    533 F.3d 1155, 1162-63 (9th Cir. 2008).

has been rejected").  The findings at issue were sufficiently probative of plaintiff's ability to function in the workplace that the ALJ's failure to discuss them was reversible error.

Thus, remand is required for the ALJ to consider further the above-cited findings in Dr. Yost's opinion.  If the ALJ again chooses to reject them, he must provide specific, legitimate reasons, supported by substantial evidence in the record, for so doing.  *Lester*, 81 F.3d at 830.

CONCLUSION

For the foregoing reasons, the judgement of the Commissioner is reversed and remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

DATED:  August 18, 2009          /S/ FREDERICK F. MUMM
                                 FREDERICK F. MUMM
                                 United States Magistrate Judge